IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

      Petitioner,

v.                                    Case No.  5D15-3314

EMERGENCY PHYSICIANS OF CENTRAL
FLORIDA, ETC.,

      Respondent.

_____/

Opinion filed March 4, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Orange County,
Margaret H. Schreiber, Judge.

Douglas H. Stein, of Seipp, Flick & Hosley,
LLP, Coral Gables, for Petitioner.

Dean A. Mitchell, Ocala, and Brett Sahm, of
Bradford Cederberg, P.A., Orlando, for
Respondent.

PER CURIAM.

      This case arose after the insured, Asmaa Karani, was involved in a car accident

and sought treatment from the respondent, Emergency Physicians of Central Florida,

LLP, a/a/o Karani ("EPCF").  EPCF is an emergency services provider.  It submitted its

bill to the petitioner, Progressive American Insurance Company ("Progressive"), in

accordance with section 627.736(4)(c), Florida Statutes (2011).  However, its bill was

applied to Karani's deductible under section 627.739(2), Florida Statutes (2011). Therefore, Progressive did not remit payment to EPCF.

EPCF, as Karani's assignee, initiated an action in county court against Progressive for breach of the insurance policy. The county court ruled in favor of EPCF, finding that EPCF was a member of a legislatively created and protected class of priority providers and therefore entitled to have its bill paid in full despite the existence of Karani's deductible. The circuit court affirmed, holding that the deductible was improperly applied to EPCF's bill.

This matter comes before this court on second-tier certiorari review. In Mercury Insurance Company of Florida v. Emergency Physicians of Central Florida, LLP, 40 Fla. L. Weekly D2364 (Fla. 5th DCA Oct. 16, 2015), this court held that all claims, including EPCF's priority claim, are properly applied to a personal injury protection deductible in the order that they are received. See also Metro. Cas. Ins. Co. v. Emergency Physicians of Cent. Fla., LLP, 178 So. 3d 927 (Fla. 5th DCA 2015). Following Mercury, the circuit court in the instant appeal erred in holding that the benefits to be paid from the $5000 reserve imposed by section 627.736(4)(c) are not subject to an otherwise applicable deductible. Such an interpretation runs afoul of the plain language of section 627.739(2), which sets out that "[t]he deductible amount must be applied to 100 percent of the expenses and losses described in s. 627.736." Accordingly, EPCF is not entitled to payment from Progressive, as Progressive properly applied its claim to the deductible. We grant Progressive's petition for writ of certiorari and quash the circuit court's order.

CERTIORARI GRANTED; ORDER QUASHED.

SAWAYA, COHEN and BERGER, JJ., concur.

2