IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

      Petitioner,

v.                                    Case No. 5D15-3719

EMERGENCY PHYSICIANS OF
CENTRAL FLORIDA, ETC.,

      Respondent.

_____/

Opinion filed April 8, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Orange County,
Alicia Latimore, Judge.

Douglas H. Stein, of Seipp, Flick & Hosley,
LLP, Miami, for Petitioner.

Dean A. Mitchell, Ocala, for Respondent.


PER CURIAM.

      Progressive Express Insurance Company ("Progressive") seeks certiorari review

of an order rendered by the circuit court, sitting in its appellate capacity. We are

confronted with the same issue that has been resolved in Mercury Insurance Company

of Florida v. Emergency Physicians of Central, 182 So. 3d 661 (Fla. 5th DCA 2015). In

Mercury, this court held that all claims, including Emergency Physicians of Central

Florida's priority claim, are properly applied to a personal injury protection deductible in the order that they are received. Id. at 662-63. See also Progressive Am. Ins. Co. v. Emergency Physicians of Cent. Fla., 41 Fla. L. Weekly D714 (Fla. 5th DCA Mar. 18, 2016); Progressive Am. Ins. Co. v. Emergency Physicians of Cent. Fla., 41 Fla. L. Weekly D564 (Fla. 5th DCA Mar. 4, 2016); USAA Gen. Indem. Co. v. Emergency Physicians Cent., 41 Fla. L. Weekly D435 (Fla. 5th DCA Feb. 19, 2016); Progressive Select Ins. Co. v. Fla. Emergency Physicians, 183 So. 3d 489, 489 (Fla. 5th DCA 2016); Metro. Cas. Ins. Co. v. Emergency Physicians of Cent. Fla., LLP, 178 So. 3d 927, 928 (Fla. 5th DCA 2015).

Pursuant to Mercury, the circuit court in the instant appeal erred in holding that the benefits to be paid from the $5000 reserve imposed by section 627.736(4)(c), Florida Statutes (2011), are not subject to an otherwise applicable deductible. Such an interpretation runs afoul of the plain language of section 627.739(2), Florida Statutes (2011), which sets out that "[t]he deductible amount must be applied to 100 percent of the expenses and losses described in s. 627.736." Accordingly, Emergency Physicians of Central Florida is not entitled to payment from Progressive, as Progressive properly applied its claim to the deductible. We grant Progressive's petition for writ of certiorari and quash the circuit court's order.

CERTIORARI GRANTED; ORDER QUASHED.

SAWAYA, PALMER and TORPY, JJ., concur.